MARC Y. LAZO, SBN: 215998
BP LAW GROUP, LLP
8815 Research Dr. Ste. 200
Irvine, CA 92626
Phone No.:   (949) 274-7854
Fax No.:     (949) 234-6254

Attorneys for Plaintiffs
NADER MIKHAIL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| NADER MIKHAIL<br><br>Plaintiffs<br>vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, a North Carolina corporation; and DOES 1 through 500, inclusive,<br><br>Defendants. | Case No.: **SACV13-650 CJC(ANx)**<br><br>**COMPLAINT FOR:**<br><br>1) **NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**<br>2) **LIBEL**<br>3) **VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 et seq.)**<br>4) **VIOLATION OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 et seq.)** |

## PARTIES, JURISDICTION AND VENUE

1. At all times mentioned herein, plaintiff NADER MIKHAIL ("Plaintiff") was an individual residing in Orange County, California.

2. Plaintiff is informed and believes, and thereon alleges that at all times mentioned herein, defendant Bank of America, National Association ("BOA" or "Defendant") was, and is a North Carolina corporation operating as a national banking association, originating and refinancing loans in the State of California.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants named herein as Does 1 through 500, inclusive, are currently unknown to Plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege that each of these fictitiously named defendants is in some manner responsible for the events and damages alleged herein and will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

4. Plaintiffs are informed and believe, and thereon allege that at all times mentioned herein, BOA, as well as Does 1-500, was the principal, agent, representative, partner, joint venturer, co-conspirator, alter ego or employee of the Defendant, as well as Does 1-500, and in doing the things alleged herein was acting within the course and scope of such relationship with the full knowledge, consent, authority and/or ratification of the Defendant and Does 1-500.

5. Jurisdiction in this state is proper because BOA conducts business in California, and Plaintiffs are informed and believe, and thereon allege that BOA has had substantial continuous and systematic contacts with California by and through its account managing activities; has established presences in California; and has purposefully directed their account managing and collection efforts at California residents. As such, Defendant has purposefully availed itself to the privileges of

2

COMPLAINT

conducting its activities in California, thus invoking the benefits and protections of local laws. Plaintiffs' causes of action alleged herein arise out of Defendant's contacts with Plaintiffs in California, by and through their account managing and collection activities.

6. Venue in Orange County is proper as Plaintiffs are informed and believe, and thereon allege that BOA's loss mitigation and customer service departments with whom Plaintiffs dealt on numerous occasions after he discovered that his credit was negatively impacted are located in Orange County. As further set forth below, Plaintiffs are informed and believe, and thereon allege that all of the witnesses and evidence relevant to this action are located in Orange County.

## BACKGROUND FACTS

7. In 2005, Plaintiff, Nader Mikhail was a medical school student in Westborough, Massachusetts, and owned a checking account with Fleet Bank. In 2005, BOA acquired Fleet Bank while Plaintiff was still a consumer with Fleet Bank in Massachusetts. After Plaintiff was finished with Medical School, Plaintiff made two transactions for $15.17 and $13.68 at a Sam's Club in July 2005. During this time, there were sufficient funds in Plaintiff's Fleet Bank account. A week later, on July 29, 2005, Plaintiff withdrew the remaining $526.97 in the account which brought the Fleet Bank checking account in Massachusetts to a balance of $0.00, because Plaintiff was moving back permanently to California.

8. On August 5' 2005, the following week after Plaintiff closed his account with Fleet Bank, the two debits from Sam's Club for $15.17 and $13.68, were posted to the Fleet Bank account. Plaintiff subsequently incurred two overdraft charges in the amount of $19.00 each. Thereafter, the account was at a balance of -$69.35. On August 12, 2005, Plaintiff's monthly balance of -$69.35 dropped to -$71.85 due to a monthly maintenance fee charged by Bank of America for $2.50. On October 11, 2005, plaintiff's balance was -$71.85.

3

COMPLAINT

9. In December of 2005, Plaintiff started to receive collections notices and phone calls informing him that he owed a balance of $92.68(-$71.85 with an additional penalty) to Defendants. Plaintiff informed Defendant's representatives that the Sam's Club debits for $15.17 and $13.68 were made prior to plaintiff closing the Fleet Bank checking out, and were made when sufficient funds were available. Through Defendant's investigation of the matter, Bank of America representatives acknowledged their mistake and the delay in processing the debits made at Sam's Club. Subsequently, BOA remedied the negative account which brought the balance to $0.00 and closed the account in its entirety.

10. Four years later in 2009, Plaintiff attempted to take out a business loan in the amount of $200,000.00 for a laser machine in order to generate more business for his medical practice. Plaintiff did not obtain approval for the loan because his credit score had been negatively impacted by Bank of America. As a result, plaintiff was unable to obtain the medical device and incurred over $30,000.00 in lost business per month for a period of six months. Upon being denied for this business loan, Plaintiff contacted the credit bureau and discovered that his credit score was negative due to BOA reporting his checking account as delinquent.

11. Plaintiff contacted BOA, Recovery Support Specialist, Tourville Delerme, and informed him that his credit score was still negatively impacted and that BOA did not correct his credit score as originally promised.

12. On June 12, 2007, Tourville Delerme, Defendant's Recovery Support Specialist, contacted Plaintiff and stated that they have made an error and assured Plaintiff that BOA would notify the Credit Bureau of the mistake. Defendant's representative confirmed to Plaintiff that any negative remarks in regards to Plaintiff's credit were requested to be removed by defendant's reporting agencies.

4

COMPLAINT

13. Several months later, Plaintiff still discovered that his credit score had not been corrected and remedied.

14. In 2010, Plaintiff attempted to take out a loan for $80,000.00 with BOA in order to purchase a vehicle. The loan was denied, and subsequently another Bank approved Plaintiff's loan, with an abnormally higher interest rate, by defendant.

15. On July 20, 2010, Plaintiff contacted NCO financial services, a BOA collection agency, in an attempt to remedy negative credit remarks on his BOA Account. More than three years after defendant promised to remedy the error, plaintiff was informed by NCO that the debit account had been close and told plaintiff that they could not remedy the adverse negative crediting and how other companies may have remarked on his credit profile.

## FIRST CAUSE OF ACTION
## NEGLIGENT INTERFERENCE WITH ECONOMIC RELATIONS
(Against Bank of America and Does 1-500)

16. Plaintiffs refer to each of the foregoing paragraphs in their entirety, and hereby incorporate them by reference as though fully set forth herein.

17. Defendant reasonably should have been aware that Plaintiffs' account was mistakenly reported as delinquent when there was a balance of $0.00, the date Plaintiff force closed his checking account. Said Defendant acknowledged their late posting of two debit transaction before the account was closed and assured Plaintiff that this mistake would be corrected. The Defendants department(s) responsible for falsely informing the Credit Bureaus that Plaintiffs' account was open and delinquent should have been informed that the checking account was closed. Defendant should have had internal protocols and procedures in place following the force close of the account, to ensure that Plaintiffs' account was properly noted to reflect that it was closed, so as to prevent any future derogatory reporting.

18. As a direct, legal, and proximate result of Defendant's conduct described in Paragraphs 7 through 17, Plaintiffs have suffered, and will continue to suffer, substantial general and special damages, including but not limited to: *(1)* Being deprived of the ability to obtain a loan for medical equipment for plaintiff's medical practice and capitalize on the substantial price concession that they would have realized because of the timing of his purchase; *(2)* Having the credit limits on his personal credit cards decreased because of his poor credit, which is the direct result of BOA's tortious conduct; and *(3)* paying higher interest rates on a loan for his vehicle from another bank *(4)* Suffering emotional distress from Defendant's tortious conduct, exacerbating their damages in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**
<u>**LIBEL**</u>
**(Against Bank of America and Does 1-500)**

19. Plaintiffs refer to each of the foregoing paragraphs in their entirety, and hereby incorporate them by reference as though fully set forth herein.

20. Defendant, by written communication to NCO Financial Systems and the Credit Bureau, made defamatory statements about Plaintiffs by reporting that Plaintiffs were delinquent on their BOA checking account, when in fact, the account had been remedied and closed.

21. These statements were published and Defendant had knowledge that the statements would be made known to any of Plaintiffs' future creditors, and that the statements would be available in the public sphere.

22. Defendant, at minimum, acted negligently in failing to learn whether the matters published were false, and Defendant recognized or reasonably should have recognized that it's derogatory credit reporting would be communicated to persons other than Plaintiffs.

6

COMPLAINT

23. Defendant's statements were defamatory on their face, because the natural and probable effect on any creditor reviewing Plaintiffs' credit reports would be to characterize Plaintiff as an irresponsible borrower who is not credit-worthy, without the necessity of considering the surrounding circumstances. That is, since the derogatory reporting, Plaintiffs' creditors have assumed that Plaintiff is a credit risk and someone who neglects to pay any money owed for months at a time, which Plaintiff have never done in his life.

24. As a direct, legal, and proximate result of the aforementioned conduct, Plaintiffs have suffered, and will continue to suffer, substantial general and special damages, including but not limited to: *(1)* Being deprived of the ability to finance medical equipment for Plaintiff's medical practice and capitalize on the substantial price concession that they would have realized because of the timing of his purchase; *(2)* Having the credit limits on their personal credit cards decrease because of their poor credit, which is the direct result of BOA's tortious conduct; *(3)* paying higher interest rates on a loan for his vehicle from another bank *(4)* Suffering emotional distress from Defendant's tortious conduct, exacerbating their damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 et seq.)
(Against Bank of America and Does 1-500)

25. Plaintiffs refer to each of the foregoing paragraphs in their entirety, and hereby incorporate them by reference as though fully set forth herein.

26. The Fair Debt Collection Practices Act ("FDCPA") prohibits certain types of "abusive and deceptive" conduct on the part of a creditor attempting to collect a debt, including the following:

    (a)    Misrepresenting the debt, including continuing to pursue collection efforts on an account that has been settled or closed;

7

(b) Seeking unjustified amounts, which would also include demanding any amounts on a closed or settled account; and/or

(c) Reporting false information on a consumer's credit report or threatening to do so in the process of collection.

27. Here, Defendant violated the FDCPA by virtue of the aforementioned conduct set forth in Paragraphs 7 through 17.

28. As a direct, legal, and proximate result of the aforementioned conduct, Plaintiff has suffered, and will continue to suffer, substantial general and special damages, including but not limited to: *(1)* Being deprived of the ability to finance a loan in order to purchase specialized medical equipment for Plaintiff's medical practice and capitalize on the substantial price concession that they would have realized because of the timing of his purchase; *(2)* Having the credit limits on his personal credit cards decreased because of their poor credit, which is the direct result of BOA's tortious conduct; and *(3)* paying higher interest rates on a loan for his vehicle from another bank *(4)* Suffering emotional distress from Defendant's tortious conduct, exacerbating their damages in an amount to be proven at trial.

29. The FDCPA also provides for recovery of reasonable attorney fees and costs. Plaintiff has employed the BP LAWGROUP, LLP, licensed and practicing attorneys in the State of California, for the purposes of instituting and prosecuting this action; and therefore, are entitled to recover its reasonable attorneys' fees and expenses.

### FOURTH CAUSE OF ACTION
### VIOLATION OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 et seq.)
(Against Bank of America and Does 1-500)

30. Plaintiffs refer to each of the foregoing paragraphs in their entirety, and hereby incorporate them by reference as though fully set forth herein.

COMPLAINT

31. Defendant also had the responsibility to do the following under the Fair Credit Reporting Act ("FCRA"):

    (a) Provide complete and accurate information to the Credit Bureaus;

    (b) Investigate any disputed account information and correct any reporting errors within 30 days;

    (c) Provide Plaintiffs with notice *prior* to reporting any negative information to the Credit Bureaus; and

    (d) Notify Plaintiffs *after* it reported any negative information to the Credit Bureaus.

32. Defendant violated these tenets of the FCRA by virtue of the aforementioned conduct set forth in Paragraphs 7 through 17.

33. As a direct, legal, and proximate result of the aforementioned conduct, Plaintiff has suffered, and will continue to suffer, substantial general and special damages, including but not limited to: *(1)* Being deprived of the ability to finance a loan in order to purchase specialized medical equipment for Plaintiff's medical practice and capitalize on the substantial price concession that they would have realized because of the timing of his purchase; *(2)* Having the credit limits on his personal credit card decreased because of his poor credit, which is the direct result of BOA's tortious conduct; and *(3)* paying higher interest rates on a loan for his vehicle from another bank *(4)* Suffering emotional distress from Defendant's tortious conduct, exacerbating their damages in an amount to be proven at trial.

34. The FCRA also provides for recovery of reasonable attorney fees and costs. Plaintiff has employed the BP LAWGROUP, LLP, practicing attorneys in the State of California, for the

purposes of instituting and prosecuting this action; and therefore, are entitled to recover its reasonable attorneys' fees and expenses.

### PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendant, and each of DOES 1 through 500, inclusive, as follows:

**ON THE FIRST, SECOND, THIRD, AND FOURTH CAUSES OF ACTION:**

1. For general and special damages according to proof;
2. For attorney fees and costs
3. For prejudgment interest according to proof;
4. For costs of suit; and
5. For such other and further relief as the Court may deem proper.

Respectfully submitted:

Dated: April 19, 2013

BP LAWGROUP, LLP

By: _____
MARC LAZO
Attorneys for Plaintiffs
NADER MIKHAIL

Name & Address:
MARC Y. LAZO, SBN: 215998
BP LAW GROUP, LLP
8815 Research Dr. Ste. 200
Irvine, CA 92626
Phone No.: (949) 274-7854; (949) 234-6254 - Fax

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADER MIKHAIL<br><br>PLAINTIFF(S)<br>v.<br>BANK OF AMERICA, NATIONAL ASSOCIATION, a North Carolina corporation, and DOES 1 through 500, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV13-650 CJC(ANx)**<br><br>SUMMONS |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Marc Lazo_____, whose address is __BP Law Group, 8815 Research, #200, Irvine, CA 92618_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __APR 24 2013__     By: __NANCY INTERIANO__
                              Deputy Clerk

                              (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

### SACV13- 650 CJC (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
Nader Mikhail

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
Bank of America, National Association, a North Carolina corporation, and DOES 1 through 500, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Marc Lazo, SBN 215998   (949) 274-7842
BP Law Group, LLP
8815 Research Dr., #200
Irvine, CA 92618

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Unknown

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Debt Collection Practices (15 USC Sec. 1692)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **SACV13-650 CJC(ANx)**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff Nader Mikhail<br>Orange County, California (Central District) | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Bank of America, National Association<br>North Carolina corporation |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, California (Central District) | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _/s/_ **DATE:** 4/22/13

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |